NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUNRISE SPECIALTY COMPANY, INC. and ROBERT WEINSTEIN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.　16-16856 <br><br> D.C. No. 4:16-cv-01461-HSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 7, 2017[**]
San Francisco, California

Before:　M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Steven J. McAuliffe, United States District Judge for the District of New Hampshire, sitting by designation.

This is an insurance coverage dispute. The insureds, Sunrise Specialty Company, Inc. ("Sunrise") and its CEO, Robert Weinstein, appeal from the district court's entry of summary judgment in favor of the insurer, Scottsdale Insurance Company ("Scottsdale Insurance"). We have jurisdiction under 28 U.S.C. § 1291, and review the district court's entry of summary judgment de novo. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017).

In October of 2014, three of Sunrise's minority shareholders (and former members of its board of directors) filed suit against Sunrise and Weinstein alleging, among other things, that Weinstein had breached his fiduciary obligations to the corporation. Sunrise promptly notified Scottsdale Insurance of the suit and demanded a defense and indemnification under the policy. Scottsdale denied coverage, invoking the policy's "insured vs. insured exclusion," noting that because each of the plaintiffs had previously served on Sunrise's board of directors, each was an "Insured" as defined in the policy.

Sunrise and Weinstein sued Scottsdale Insurance in federal court, asserting claims for breach of the insurance policy and breach of the duty to defend, as well as breach of the covenant of good faith and fair dealing. The district court granted Scottsdale's motion for summary judgment, concluding that the pertinent policy language was unambiguous, there were no genuinely disputed issues of material fact, and the policy's "insured vs. insured" exclusion applied. Accordingly, the

court ruled that Scottsdale had, as a matter of law, properly denied coverage. This appeal followed.

All parties agree that the plaintiffs in the underlying state suit are "Insureds" as defined in the policy and, therefore, the policy's "insured vs. insured" coverage exclusion does apply. But Sunrise and Weinstein contend that an exception to that exclusion, known as the "derivative claim exception," also applies, thereby triggering coverage. The district court found that it did not, and we agree.

The "derivative claim exception" applies only if the underlying suit was "brought derivatively by a securities holder" and was "instigated and continued totally independent of, and totally without the solicitation, assistance, active participation of, or intervention of, any Insured." Sunrise argues that the underlying plaintiffs were merely "nominal parties" who did not instigate, assist, or actively participate in the underlying lawsuit. That suggestion is speculative and unsupported by the record. Moreover, because a lawsuit cannot be instigated and continued totally independent of its named plaintiffs, the derivative exception would still apply even if the named plaintiffs had a minimal role in conducting the litigation. But, in any event, Scottsdale refuted the argument that the plaintiffs were merely nominal. The record reveals that the underlying complaint includes statements taken directly from personal emails that Weinstein sent to the underlying plaintiffs. Plainly, then, those underlying plaintiffs (all of whom are

16-16856

"Insureds") at least "assisted" and/or "actively participated" in drafting the complaint by providing counsel with copies of those emails.

The record discloses no genuine dispute with respect to any material fact. The district court correctly concluded that, as a matter of law, the "derivative claim exception" does not apply, and Scottsdale properly denied coverage under the policy pursuant to the "insured vs. insured" coverage exclusion.

**AFFIRMED.**